# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VALERIE F. TOLSON, | ) | Case No: 12-CV-5530 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District Judge Robert M. Dow |
| | ) | |
| | ) | Magistrate Judge Susan E. Cox |
| CITY OF CHICAGO, | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Plaintiff has filed a motion to compel a second deposition of Kristopher Brown [dkt. 51]. Plaintiff has also requested defendant pay the court reporter and transcript costs of the second deposition. We have now reviewed the deposition transcript and find defendant's counsel in violation of the Federal Rules of Civil Procedure when she instructed Mr. Brown not to answer. Therefore, plaintiff's motion is granted, with the limitation that the second deposition is not to exceed two hours.

## STATEMENT

Plaintiff has filed a motion to compel a second deposition of Kristopher Brown [dkt. 51], who is an Assistant Chief Investigator in defendant's Inspector General' Office ("IGO"). Plaintiff has also requested defendant pay the court reporter and transcript costs of the second deposition. We have now reviewed the deposition transcript and find defendant's counsel's instruction not to answer inappropriate. We grant plaintiff's motion with the time limitation noted below.

Plaintiff's purpose in taking the deposition of investigator Brown was to discover information on the investigations related to defendant's residency rule violations, including the

1

investigation into plaintiff's case. At his deposition, Mr. Brown testified that he has participated in approximately 15 other investigations of alleged residency rule violations, all but two leading to "not sustained" findings, including plaintiff's case. But when plaintiff's counsel attempted to inquire about the other investigations, counsel for defendant instructed Mr. Brown not to answer, stating that if plaintiff's counsel asked for "factual information pertaining to investigations, confidential information that has been obtained in the course of investigations by the Inspector General's Office," she would instruct Mr. Brown not to answer such questions. Nonetheless, plaintiff's counsel continued with the deposition and was able to find out the race of certain individuals investigated by Mr. Brown – if he recalled – and, in some cases, the department where that employee worked. But plaintiff's counsel believes he was not able to learn of Mr. Brown's first-hand information about at least 13 "unsustained" residency rule violations.

As background, the Court had ruled on plaintiff's motion to compel on the morning of the deposition. In open Court we explained that facts and circumstances surrounding other sustained or unsustained residency rule investigations, including the race and age of the other employees investigated, was discoverable information for purposes of plaintiff's case. Our order reflects this ruling (for purposes of that motion) as follows:

> Defendant is to consult with Human Resources to identify employees who were given residency waivers, the circumstances that resulted in the residency waivers, with the race and age of those individuals identified (i.e., if individuals provided evidence of hardship and were granted residency waivers, identifiers of those individuals are to be provided). Defendant is also to provide plaintiff information as to when residency waivers were given but no investigation took place, if such situations exist. Defendant is also ordered to inquire with the Inspector General regarding the ability to provide plaintiff a list of unsustained complaints related to residency violations, and the reasons for those decisions allowing individuals to remain employed. Defendant to provide these responses to plaintiff on or before

10/7/13.[1]

Here, defendant focuses its entire response on plaintiff's failure to properly confer with defendant under Local Rule 37.2 prior to filing the motion, and argues that plaintiff has failed to identify questions that Mr. Brown allegedly did not answer. As to the first point, it appears that plaintiff attempted to meet with defendant regarding this issue, but defendant refused to do so without the transcript of the deposition available. Regarding the second point, we agree that plaintiff does not articulate specific questions that Mr. Brown did not answer. Instead, plaintiff simply asserts, more generally, that he was not able to learn of Mr. Brown's first-hand information about 13 "unsustained" residency rule violations. But as plaintiff explains, within the first few minutes of the deposition he was told by defendant's counsel of its standing objection and direction to Mr. Brown not to answer. Plaintiff's counsel, therefore, did not believe it would be fruitful to ask questions that would unequivocally fall within the scope of that standing objection.

Defendant's only concern appears to be - as outlined in its response and from the hearing on plaintiff's motion to compel - plaintiff seeking the names of the employees, other than herself, who were investigated for residency rule violations by Mr. Brown. But that is not the discovery sought by plaintiff, nor did the Court indicate that names should be provided. Defendant also asserts that the information sought by plaintiff would simply be duplicative of the information that the Court had already ordered defendant to produce at the hearing on plaintiff's motion to compel. This, however, is no basis for an instruction that a witness not answer questions during a deposition. We remind defendant that an instruction not to answer is allowed "only when

---

[1] Dkt. 49.

necessary to preserve a privilege, to enforce a limitation by the court, or to present a motion under Rule 30(d)(3)."[2] There is no claim of privilege here, nor has there been any limitation ordered by the Court, and defendant did not file a motion under Rule 30(d)(3).

Under the circumstances presented, we simply find no basis for counsel to have limited the questions as she did. We find her instruction inappropriate. Therefore, we grant plaintiff's motion to compel [dkt. 51] and order a second deposition of Mr. Brown. This deposition will be limited to two hours, as that should be sufficient time to inquire about Mr. Brown's first-hand knowledge, if any, of the 13 "unsustained" residency rule violations.

Date:   10/22/13                                                  /s/ Susan E. Cox_____
                                                                    U.S. Magistrate Judge

---

[2] Fed.R.Civ.P. 30(c)(2); *see also Redwood v. Dobson,* 476 F.3d 462, 468 (7th Cir. 2007).