**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VALERIE TOLSON, | ) | |
| | ) | No. 12 C 5530 |
| Plaintiff, | ) | |
| v. | ) | Judge Dow |
| | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Cox |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, City of Chicago ("City"), by its attorney, Stephen R. Patton, Corporation Counsel of the City, moves for summary judgment as to Plaintiff's race and age discrimination claims. In support of this motion, the City incorporates its supporting memorandum of law, and states as follows.

1. Plaintiff Valerie Tolson, who was a Senior Budget Analyst in the City's Office of Budget and Management, alleges in her Complaint that her employment was terminated in November 2011 because of her race (African American) and age.

2. As the City explains briefly below, and more fully in its supporting memorandum of law, the undisputed evidence of record, including Plaintiff's admissions, supports the City's entitlement to summary judgment as to both of Plaintiff's claims.

3. Summary judgment is appropriate if the pleadings, answers to interrogatories, admissions, affidavits, and other materials show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56.

4. Here, in light of the undisputed record evidence, as well as applicable federal case law, Plaintiff's claims should not survive summary judgment.

5. As an initial matter, Plaintiff has no direct evidence of discrimination, nor can she

construct a convincing mosaic of circumstantial evidence. Plaintiff, therefore, cannot meet her burden of proof under the direct method.

6. Accordingly, Plaintiff must proceed under the *McDonnell Douglas*, burden-shifting method. Plaintiff's discrimination claims fail under the indirect method because she cannot show that she was meeting the City's legitimate expectations, and because she cannot identify a similarly-situated non-African American or substantially younger employee who was treated more favorably than she was.

7. The indisputable evidence establishes that Plaintiff was terminated for legitimate, non-discriminatory reasons: (1) she violated the City's residency policy, (2) she failed to notify the City of her change of address for nearly two years, and (3) she provided false information to the City in her April 2011 change of address form. Thus, Plaintiff is unable to prove that she was meeting the City's legitimate expectations.

8. Moreover, Plaintiff admits that she cannot identify any employee who engaged in one or more of the same Personnel Rule or ordinance violations as she did but was not terminated.

9. Additional support for this motion can be found in the City's Local Rule 56.1(a) Statement of Undisputed Material Facts.

WHEREFORE, for the reasons set forth above, and more fully in its supporting memorandum of law, the City respectfully requests that this Honorable Court grant this motion for summary judgment and dismiss Plaintiff's discrimination claims with prejudice.

DATED: June 2, 2015

Respectfully submitted,

STEPHEN R. PATTON
Corporation Counsel of the
City of Chicago

BY: */s/ Déja C. Nave*
DÉJA C. NAVE
Senior Counsel

City of Chicago Law Department
Employment Litigation Division
30 North LaSalle Street, Room 1020
Chicago, Illinois 60602
(312) 744-5122