**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VALERIE F. TOLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 12-cv-5530 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, the Court grants in part Defendant's Bill of Costs [120] and awards Defendant $3,391.65 in costs.

## STATEMENT

Following entry of summary judgement in its favor [see 118], Defendant City of Chicago filed a bill of costs [120], dated April 15, 2016. Plaintiff has not filed an objection. Nevertheless, the Court will consider independently "whether the costs are allowable and, if so, whether they are reasonable and necessary." *Soler v. Waite*, 989 F.2d 251, 255 (7th Cir. 1993).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other that attorney's fees —should be allowed to the prevailing party." The rule "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). However, the Seventh Circuit recognizes "only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). "Generally, only misconduct by the prevailing party worthy of a penalty (for example, calling unnecessary witnesses, raising unnecessary issues, or otherwise unnecessarily prolonging the proceedings), or the losing party's inability to pay will suffice to justify denying costs." *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988). In other words, only "exceptional circumstances" warrant a complete denial of costs. *Overbeek v. Heimbecker*, 101 F.3d 1225, 1228 (7th Cir. 1996).

Taxing costs against the non-prevailing party requires two inquiries: (1) whether the cost is recoverable; and (2) whether the amount assessed is reasonable. See *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). The list of recoverable costs pursuant to 28 U.S.C. § 1920 includes (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. See *Republic Tobacco Co. v.*

*N. Atl. Trading Co., Inc.*, 481 F.3d 442, 447 (7th Cir. 2007). Here, Defendant claims three categories of costs: (1) fees for copies ($177.30), (2) fees for deposition transcripts and court reporter appearances ($3,365.39), and (3) service of process and witness fees ($115.00). In total, Defendant claims costs in the amount of $3,657.69.

**A. Fees for Copies – 28 U.S.C. § 1920(4)**

Defendant seeks $162.00 for in-house photocopying costs for documents filed with the Court and for discovery requests and responses, [121, at 2–3], and $15.30 in outside copying fees for a copy of the file from the Illinois Department of Human Rights ("IDHR"), [120-1, at 12], for a total of $177.30 in copying fees. Under 28 U.S.C. § 1920(4), a judge is permitted to tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." See *Tchemkou v. Mukasey*, 517 F.3d 506, 513 (7th Cir. 2008). Courts interpret this section to mean that photocopying charges for discovery and court copies are recoverable, but charges for copies made for attorney convenience are not. See *Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000); *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990). Here the fees are for court copies and discovery, [see 120, at 2–3; 120-1, at 1–4, 12], and are therefore recoverable. See *Arce v. Chicago Transit Auth.*, 2017 WL 714107, at *5 (N.D. Ill. Feb. 23, 2017) (awarding costs for copies of IDHR records). Thus, the Court awards $177.30 for copying fees.

**B. Transcription and Court Reporter Fees – 28 U.S.C. § 1920(2)**

Defendant seeks $3,365.39 for transcription fees under 28 U.S.C. § 1920(2) and for court reporter appearance fees for six depositions. The Court awards deposition charges if the deposition appears reasonably necessary in light of the facts known at the time of the deposition. See *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) (per curiam); *Mother & Father*, 338 F.3d at 708. Under Northern District of Illinois Local Rule 54.1(b), the costs of a transcript shall not exceed the regular copy rate established by the Judicial Conference of the United States. The current rate is $3.65 per page for an Ordinary Transcript and $0.90 per page for a copy of a transcript.

Defendant provides receipts for six transcripts for the depositions of Plaintiff Valerie Tolson and witnesses Theresa Hill, Annette Plattner, Carol Hamburger, Alexandra Holt, and Kristopher Brown. For the Tolson transcript, Defendant seeks to recover $1,430.80 for the original transcript at a rate of $3.65 for 392 pages. For the Hill transcript, Defendant seeks to recover $620.50 for the original transcript at a rate of $3.65 for 170 pages. For the Plattner transcript, Defendant seeks to recover $390.55 for an original transcript at a rage of $3.65 for 107 pages. These rates do not exceed the current rate for an ordinary transcript and are thus recoverable. Defendant also seeks to recover $82.80 for a copy of the 92-page Hamburger transcript, $89.10 for a copy of the 99-page Holt transcript, and $165.60 for a copy of the 184-page Brown transcript. The copies of transcripts are billed at $0.90 per page, which is reasonable and thus recoverable.

Additionally, Defendant seeks to recover court reporter appearance fees of $428.26 for the Tolson transcript and $157.78 for the Hill transcript. Reasonable appearance fees are

recoverable costs. See *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998) ("As for the deposition attendance fees charged by the court reporter, we have previously held that even though these fees are not specifically mentioned in the statute, the district court may award them in its discretion pursuant to 28 U.S.C. § 1920(2)."). These depositions appears reasonably necessary. However, under Northern District of Illinois Local Rule 54.1(b), court reporter appearance fees "shall not exceed the published rates on the Court website unless another rate was previously provided by order of the [C]ourt." The published rates are $110 for one half day (four hours or less) and $220 for one full day attendance fee.

Here, the invoice for the Tolson transcript indicates that the services were provided on July 24, 2013 and took around six hours. [120-1, at 6.] Defendant has not shown that another rate was previously provided by order of the Court. Thus, the Court awards Defendant $220 for the Tolson deposition court reporter fee in accordance with Local Rule 54.1(b). See *Smith v. Chicago Transit Auth.*, 2015 WL 2149552, at *6 (N.D. Ill. May 6, 2015); *Porter v. City of Chicago*, 2014 WL 3805681, at *3 (N.D. Ill. Aug. 1, 2014). The invoice for the Hill transcript indicate that services were provided on August 30, 2013 and took around 1.5 hours. Thus, the Court awards $110 for the Hill deposition court reporter fee.

In total, the Court awards $3,109.35 for court reporter and transcription fees.

**C. Service of Process and Witness Fees – 28 U.S.C. § 1920(1)**

Finally, Defendant seeks $115.00 for service of process and witness fees. [121, at 5-6.] Under 28 U.S.C. § 1920(1) the Court can assess costs for fees of the clerk and marshal, including fees for the service of subpoenas. 28 U.S.C. § 1920(1); *Lalowski v. Corinthian Schools*, Inc., 2013 WL 3774002, at *2 (N.D. Ill. July 18, 2013). The Seventh Circuit has interpreted § 1920(1) to permit the recovery of costs relating to the service of subpoenas by private process servers, provided those costs are reasonable and necessary and do not exceed the fees charged by the U.S. Marshals Service. See *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996); *Soler*, 989 F.2d at 255; *Williams v. Fico*, 2015 WL 3759753, at *3–4 (N.D. Ill. June 15, 2015). Here, Defendant seeks $65.00 for the cost of serving a subpoena on Theresa Hill to appear for her deposition. This is the same cost that the U.S. Marshal Service charges per hour and is thus recoverable. See 28 C.F.R. § 0.114(a)(3).

Additionally, Defendant seeks to recover $50.00 for the witness fee paid to Theresa Hill for her deposition, which encompasses $40 for attendance and $10 for her mileage. [120, at 2.] A witness attendance fee of $40 per day is reasonable pursuant to 28 U.S.C. § 1821(b). Although the fees associated with travel costs and mileage are recoverable under § 1821(c), the bill Defendant provides in connection with this charge does not include any mileage information or indicate Theresa Hill's address or where the deposition took place. Without this information, the Court cannot ascertain whether the $10 mileage fee is reasonable. See *Williams*, 2015 WL 3759753, at *4 (denying a $15 mileage fee where the bill did not state the witness's address or include mileage information); *Ulatowski v. John Sterling Corp.*, 2005 WL 643349, at *4 (N.D. Ill. Mar. 16, 2005) (denying mileage fees as unsupported where location of depositions was not provided). Therefore, the Court reduces the witness fee to $40.

In summary, the Court awards Defendant $177.30 for copying fees, $3,109.35 for transcription fees, and $105.00 for service of process and witness fees, for a total of $3,391.65.

Dated: May 5, 2017

Robert M. Dow, Jr.
United States District Judge